CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 24 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LLOYD WAYNE SHEPPARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 7:11-cv-00540 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARK, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

**I.**

Lloyd Wayne Sheppard, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement for a February 2, 2009 conviction in the Circuit Court of Montgomery County for aggravated malicious wounding. The respondent's motion is ripe for disposition. Upon review of the petition, the motion, the petitioner's response, and the state court record, the court grants the motion to dismiss.

Sheppard made an <u>Alford</u> plea of guilty in Circuit Court of Montgomery County to one count of aggravated malicious wounding, stemming from conduct causing permanent injuries to his infant son. As part of his plea agreement, the Commonwealth moved to nolle prosequi a related charge of felony child abuse and neglect. The trial court sentenced Sheppard to a term of imprisonment of 30 years, with 15 years suspended.

Sheppard appealed his conviction to the Court of Appeals of Virginia, which issued an order denying his appeal on November 18, 2009. (Record No. 1188-09-3.) Sheppard then filed

a petition for appeal in the Supreme Court of Virginia, which was denied on July 26, 2010. (Record No. 092488.)

On October 27, 2010, Sheppard filed a petition for a writ of habeas corpus in the Circuit Court of Montgomery County (the "state habeas court"), alleging four claims for relief:

> a. Counsel was ineffective for inducing him into entering the Alford plea by promising he would be sentenced to only 5 years' incarceration when, in fact, he was sentenced to 15 years' imprisonment and had he known he would receive 15 years instead of the promised 5 years, he would have gone to trial;
>
> b. Counsel conducted an inadequate investigation and preparation for trial, which negatively affected the outcome of the case;
>
> c. Counsel failed to investigate the absence of medical evidence and mitigating evidence, and failed to seek medical consultation for the defense or investigate critical Commonwealth evidence; and
>
> d. Counsel failed to properly perfect his appeal, which was dismissed due to ineffective assistance.

In an order issued January 18, 2011, the state habeas court denied Sheppard's petition for relief. (Record No. CL10007860-00.) Sheppard then appealed to the Supreme Court of Virginia, which issued an order dated September 8, 2011, dismissing Sheppard's third assignment of error for failure to comply with Rule 5:17(c)(1)(iii), requiring the petitioner to list the specific error in the lower court that is being challenged. The Court refused the remainder of Sheppard's petition for appeal. (Record No. 110300.)

On November 16, 2011, Sheppard filed a timely § 2254 petition in this court. (Docket No. 1.) Sheppard later moved for leave to file an amended petition, and, leave being granted,

filed his amended petition. He challenges his confinement on the following grounds, paraphrased from the amended petition:[1]

> A. Petitioner was deprived of his right to the effective assistance of counsel during the plea process due to counsel's "willful and wanton acts of professional misconduct" which prevented Sheppard from making an intelligent and knowing plea. Specifically, counsel was ineffective during the "Investigative/Trial Preparation Stage" prior to trial and after the direct indictment was returned by failing to assist Sheppard in his defense and develop a defense strategy sufficient to raise a reasonable doubt of petitioner's guilt based on facts known to counsel at the time; and that counsel knowingly and intentionally induced Sheppard to enter an <u>Alford</u> plea based on an impermissible promise of a lenient prison sentence of five years and misrepresentations of the weight of the Commonwealth's evidence without conducting a sufficient and reasonable investigation of the facts.
>
> B. Counsel was ineffective for coercing Sheppard into entering an <u>Alford</u> plea by advising him he would only receive a five year sentence when in fact Sheppard was sentenced to fifteen years.
>
> C. Counsel was ineffective for failing to conduct an adequate investigation and prepare for trial, which negatively affected the outcome of the case.
>
> D. Counsel failed to investigate the absence of medical evidence and mitigating evidence, and failed to seek medical consultation for the defense or investigate critical Commonwealth evidence.
>
> E. Counsel was ineffective for failing to follow Virginia Supreme Court Rule 5A:20(c), which forced Sheppard to file a second petition in the Court of Appeals for Virginia.
>
> F. Counsel was ineffective for failing to file a motion for reconsideration with a three-judge panel of the Court of Appeals of Virginia.
>
> G. Counsel was ineffective for failing to comply with Virginia Supreme Court Rule 5:17(c) when filing his petition, which caused the Court to refuse Sheppard's petition for appeal.

---

[1] In each of his petitions, both at the state level and in federal court, Sheppard numbers and organizes his claims for relief differently. In his amended petition before this court, Sheppard states only one ground for relief, labeled claim A. However, under a section of the petition labeled "The Facts," Sheppard states additional bases for his allegations of ineffective assistance of counsel. In its motion to dismiss, Respondent has included these additional allegations and has labeled Sheppard's claims A-H. The court finds that the respondent's approach, if at times duplicative, best addresses all of the allegations Sheppard has made throughout the <u>habeas</u> process and adopts its format in discussing Sheppard's claims.

> H. Counsel was ineffective for discussing Sheppard's case with the Commonwealth Attorney and for not keeping Sheppard informed about his meetings and for making decisions regarding a plea bargain without asking the petitioner first.

(Docket No. 21-1.)

On February 23, 2012, the respondent filed its motion to dismiss the amended petition, arguing that claims F and H were procedurally defaulted because Sheppard failed to raise the claims in state court, either on direct appeal or in the habeas proceedings. (Docket No. 23 at 5-6.) The respondent concedes that the substance of the claims now labeled A-E and G, although grouped and labeled differently at the time, were properly exhausted, but argues that the claims are without merit. (Id.) On March 9, 2012, Sheppard responded to the respondent's motion to dismiss. (Docket No. 25.)

## II.

### A.   Exhaustion and Procedural Default

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F. 3d 276, 288 (4th Cir. 2000). In order to meet the exhaustion requirement in § 2254(b), a petitioner "must have presented to the state court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F. 3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F. 3d 907, 911 (4th Cir. 1997)). When a petitioner fails to exhaust state court remedies and "would now be barred from doing so under an independent and adequate state law ground, his federal version of the habeas claim is barred from review on the merits, absent a showing of cause and actual prejudice, or a showing of a miscarriage of justice." Breckenridge v. Barksdale, 2012 WL 2789739, *2 (W.D. Va. July 9, 2012) (citing Teague v. Lane, 489 U.S. 288, 298 (1989); Bassette v. Thompson, 915 F. 2d 932,

4

935-37 (4th Cir. 1990)). However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288.

Claims F and H were not previously raised in any form in either of Sheppard's state habeas petitions. Thus, Sheppard has failed to exhaust these claims and they cannot be considered as part of his federal habeas petition. Additionally, it is clear that if Sheppard were to raise these claims now in a new state habeas petition, review would be procedurally barred by Virginia's rule against successive petitions. See Va. Code Ann. § 8.01-654(B)(2). The Fourth Circuit has recognized Virginia's bar on successive petitions as an adequate and independent state law precluding federal habeas review. See Pope v. Netherland, 113 F. 3d 1364, 1372 (4th Cir. 1996); see also Sparrow v. Director, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (finding § 8.01-654(B)(2) an "independent and adequate state ground" barring review of claims first raised in a federal habeas petition). The court is thus prohibited from granting § 2254 relief unless Sheppard has shown cause for his default and resulting prejudice, or how the refusal to review the claims would result in a miscarriage of justice. See Teague, 489 U.S. at 298-99.

Sheppard fails to demonstrate cause for his procedural default. His petition alleges no reason why he failed to raise claims F and H in his state petitions. Nor does Sheppard show a miscarriage of justice resulting from denial of his defaulted claims. The miscarriage of justice exception is an extremely high standard to meet, and the United States Supreme Court has advised that "to ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case[,]' . . . [the] Court explicitly tied the [exception] to the petitioner's innocence." Schlup v. Delo, 513 U.S. 298, 321 (1995) (citing

Kuhlmann v. Wilson, 477 U.S. 436 (1986); Murray v. Carrier, 477 U.S. 478 (1986)). Sheppard's petition makes no such showing. Accordingly, the court grants the respondent's motion to dismiss with respect to claims labeled F and H on the ground they are procedurally barred from federal habeas review on the merits.

    B.    **Exhausted Claims**

Under 28 U.S.C. § 2254(d), the federal habeas court must give deference to state court rulings on the merits of the petitioner's federal claims. The federal court may grant habeas relief only if the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 403-13 (2000). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." Wright v. Angelone, 151 F. 3d 151, 156 (4th Cir. 1998). The respondent concedes that Sheppard's claims labeled herein as A-E and G have been properly exhausted in the state courts, but argues that they are without merit because Sheppard fails to allege sufficient facts to support any of his claims for ineffective assistance of counsel.

To state a constitutional claim for ineffective assistance, a defendant must meet both parts of a two-prong test. Strickland v. Washington, 466 U.S. 668, 686 (1984). A prisoner attacking his conviction or sentence under Strickland must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Id. at 687. The defendant must overcome "a strong presumption" that counsel's performance was reasonably

competent, and will only adjudge counsel's performance deficient when "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 689-90. In the event this presumption has been overcome, relief remains unavailable unless the defendant can demonstrate a "reasonable probability" that, but for counsel's errors, the outcome of the case would have been different. Id. at 694-95. An ineffective assistance of counsel claim may be rejected on either Strickland prong. Id. at 697.

Claims A and B stem from counsel's alleged ineffective performance in inducing and coercing Sheppard into entering an Alford plea by promising a sentence of a term of imprisonment of only five years, and for failing to conduct a proper independent investigation of the facts and preparing a defense for trial.[2] The state habeas court considered these claims and adjudged that Sheppard had failed to satisfy either prong of Strickland. Quoting extensively from Sheppard's plea colloquy, the state habeas court found that:

> Sheppard stated, under oath, that no one had made him any promises or threatened to induce his guilty plea. Sheppard further confirmed he understood the maximum sentence for aggravated malicious wounding was "twenty to life"; that he had discussed with his attorney what sentencing guidelines were, but understood that the Court was not required to follow them; that there was no agreement regarding the sentence and that he was "leaving it up to the court to determine the appropriate punishment." Indeed, he reiterated he understood the Court could sentence him "up to life in prison."

(Record No. CL10007860-00 at 5-6.)

Given these clear indications of voluntariness, the state habeas court found that Sheppard's petition contradicted his prior, sworn statements, and declined to countenance his claims in the absence of a compelling reason. Id. (citing Anderson v. Warden, 222 Va. 511, 516 (1981)). The Court also determined that Sheppard could not show how counsel's alleged error prejudiced the outcome of his case. The Court noted the Commonwealth's strong case against

---

[2] The claim that counsel conducted an inadequate investigation in preparation of trial is addressed in claim C, which alleges the same issue.

7

Sheppard and the likelihood that if he had proceeded to trial, he could have been sentenced to an even longer period of confinement, including the possibility of a life term. Id. at 6 ("The Court credits counsel's professional reasonable assessment, based upon the evidence and his extensive trial experience, that there was a very strong likelihood a jury convict [sic] Sheppard and recommend a lengthy prison sentence.").

These determinations by the state habeas court were neither contrary to, nor an unreasonable application of, federal law. A defendant's statements during a plea hearing are presumed to be true, Blackledge v. Allison, 431 U.S. 63, 73-74 (1977), and may only be found invalid when they are the result of threats or misrepresentations about the nature of the consequences. See Brady v. United States, 397 U.S. 742, 755 (1970). "Unsupported allegations on appeal are insufficient to overcome representations made during the guilty plea hearing." Schifferli v. South Carolina, 227 F. App'x. 248, 250 (4th Cir. 2007) (citing Via v. Superintendent, Powhatan Correctional Ctr., 643 F. 2d 167, 171 (4th Cir. 1981)). Sheppard claims his counsel promised him he would be sentenced to five years if he pled guilty. His statements at the plea hearing clearly contradict this claim, and he has offered no additional support for why the court should ignore his previous, sworn statements. As a result, the court finds that the state habeas court's decision was neither contrary to, nor an unreasonable application of, the Strickland test for ineffective assistance of counsel.

Sheppard alleges in claim C that counsel was constitutionally ineffective by failing to conduct an adequate investigation and properly prepare for trial. Similarly, in claim D he alleges that counsel failed to properly investigate the absence of medical evidence and mitigating evidence in his case. He alleges that counsel limited his review to the facts and evidence as determined by the Commonwealth's investigation. The state habeas court addressed these

8

claims and determined that Sheppard had failed to show how counsel's preparation for trial violated the Strickland test for ineffective assistance. The Court found the claims directly refuted by counsel's testimony in an affidavit submitted to the court, and held:

> The Court finds counsel had a commendable grasp of the evidence and the particular areas of concern, including Sheppard's drug use on the day the child was injured. The Court further finds counsel consulted with an independent medical expert, who agreed the child's injuries were consistent with Shaken Baby Syndrome and inconsistent with Sheppard's explanation.
> . . .
> The Court further finds Sheppard has failed to proffer what additional evidence or information he contends an "adequate" investigation or preparation would have yielded or what "alibi" evidence was conceivably available in light of Sheppard's concession that his son was injured while in his care.

(Record No. CL10007860-00 at 7-8.)

The state habeas court thus reviewed counsel's investigation into Sheppard's case and found that counsel was aware of the information most relevant to how the case would proceed if it went to trial. Id. The Court found that there was significant medical evidence in the case, including an independent doctor who confirmed the Shaken Baby diagnosis. Id. Counsel also presented mitigating evidence at sentencing, in the form of witness testimony and other written evidence. Finding no evidence of a deficiency on the part of counsel, the Court further determined that Sheppard had failed to show how he was prejudiced by counsel's performance. The Court noted that Sheppard failed to demonstrate what favorable evidence would have been uncovered by a greater investigation on the part of counsel. See Bassette v. Thompson, 915 F. 2d 932, 941 (4th Cir. 1990) cert. denied, (habeas petitioners must allege "what an adequate investigation would have revealed").

The state habeas court thus considered both Strickland prongs, and Sheppard has failed to show how the Court's application of the law was unreasonable. "The pivotal

9

question [on federal habeas review] is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, 131 S. Ct. 770, 785 (2011). Based on the foregoing, the court finds that claims C and D must be denied.

Lastly, in claims E and G, Sheppard alleges that counsel was ineffective in failing to properly perfect his direct appeal in accordance with the Rules of the Virginia Supreme Court, resulting in dismissal. This claim also must fail for the simple reason that both the Virginia Court of Appeals and the Supreme Court of Virginia considered Sheppard's case on the merits. The Court of Appeals issued a per curiam opinion dismissing the case, (Record No. 1188-09-3), and the Supreme Court issued an order denying the petition for appeal "after review of the record . . . and consideration of the argument[s]." (Record No. 092488.) The state habeas court's decision noted this in saying that both Virginia appellate courts "considered the case on the merits; no procedural dismissal was suffered in either court." (Record No. CL-10007860-00 at 9.) Having failed to show the existence of an actual deficiency in counsel's performance in perfecting Sheppard's appeal, the state habeas court correctly dismissed this claim under Strickland.

**III.**

After review of Sheppard's petition, the court concludes that the respondent's motion to dismiss must be granted because two of the petitioner's claims are procedurally barred, and each of the remaining claims is meritless under § 2254(d). An appropriate order will enter this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a certificate of appealability is issued from this court or a judge of the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1). Finding that Sheppard has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court declines to issue a certificate of appealability.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER:  This 24th day of September, 2012.

_____
Chief United States District Judge